UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

08 FEB 20 AM 9:42

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No. '08 MJ 0489 |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF: |
| Def#1) Jose SANCHEZ-Carrizosa, | Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii) |
| Def#2) Octavio BERNAL-Carrillo, | Transportation of Illegal Aliens |
| Def#3) Maximo SOTO-Chincoya, | |
| Defendant(s) | Title 8 U.S.C., Sec. 1324(a)(2)(B)(iii) Bringing in Illegal Aliens Without Presentation. |

The undersigned complainant, being duly sworn, states:

On or about **February 18, 2008**, within the Southern District of California, defendant **Jose SANCHEZ-Carrizosa, Octavio BERNAL-Carrillo and Maximo SOTO-Chincoya** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Jose SANTOS-Lopez, Andres PESTANA-De La Sancha and Victor Manuel GUTIERREZ-Gomez** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 20th DAY OF **FEBRUARY 2008.**

William McCurine, Jr.
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Jose SANCHEZ-Carrizosa
Octavio BERNAL-Carrillo
Maximo SOTO-Chincoya

## PROBABLE CAUSE STATEMENT

Furthermore, the complainant states that **Jose SANTOS-Lopez, Andres PESTANA-De La Rosa, and Victor Manuel GUTIERREZ-Gomez** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On February 18, 2008, Border Patrol Agent B. Blanchard was conducting surveillance operations on Interstate 8 west of the Border Patrol Checkpoint near Alpine, California. Agent Blanchard was operating in plain clothing and was driving an unmarked agency vehicle. Agent Blanchard noticed a Nissan pick-up truck turning onto Interstate 8 westbound from Tavern Road in Alpine, California. Tavern Road in Alpine, California is a route heavily used by alien smugglers as they attempt to access Interstate 8. Agent Blanchard observed several individuals in the open bed of the white Nissan attempting to conceal themselves by holding a blanket over them as they lay in the bed of the pick-up truck. Alien smugglers frequently hide their human cargo in the beds of the pick-up trucks while covering the smuggled aliens with various objects. While keeping it under surveillance Agent Blanchard observed the Nissan exceeding speeds of ninety miles per hour, only catching up to the Nissan periodically when it slowed down due to sporadic traffic.

After observing the high rate of speed of the Nissan truck and the unsafe manner the passengers were transported in Agent Blanchard, along with Agents H. Cuevas and J. Remenar conducted a vehicle stop. The agents approached the Nissan and observed five individuals attempting to hide under a blanket in the bed of the pickup truck without the presence of safety restraints. When agents approached the cab of the truck they observed the driver, later identified as the defendant Jose Sanchez-Carrizosa, one individual in the passenger seat and two other individuals hiding behind the seats in the cab, including defendant, Maximo SOTO-Chincoya.

Agents Blanchard, Cuevas, and Remenar identified themselves as United States Border Patrol Agents. All agents questioned the defendants and the five individuals in the bed as to their citizenship. All nine subjects claimed to be citizens and nationals of Mexico, without the proper documentation that would allow them to remain in the United States legally. At approximately 7:45 pm, Agent Blanchard placed all nine individuals under arres and transported them to the El Cajon Border Patrol Station for further processing.

## DEFENDANT STATEMENT: Jose SANCHEZ-Carrizosa

The defendant was read his Miranda rights and was willing to answer questions without an attorney present. The defendant stated that is citizen of Mexico without any immigration documents. The defendant was driving his own pick-up truck and encountered a group of illegal aliens on the side of the road. The defendant knew they were illegal because he saw them come out of the mountains. The illegal aliens offered the defendant money for a ride to Escondido, California. The defendant agreed and told them to get in the truck. The defendant stated that he has been accused of alien smuggling twice. The defendant stated that he had prior knowledge that the people he was transporting were illegal aliens. The defendant stated that he was smuggling the aliens in order to be paid the sum of $1,000 U.S. dollars, $200.00 USD for each of the five illegal aliens. The defendant was presented with a series of nine Polaroid color photographs, on of each person arrested in this event. The defendant positively identified photograph #1 as Maximo SOTO-Chincoya, the subject that organized the smuggling event. The defendant also identified photograph #2 as his friend, the passenger, Jose Santos-Lopez.

CONTINUATION OF COMPLAINT:
Jose SANCHEZ-Carrizosa
Octavio BERNAL-Carrillo
Maximo SOTO-Chincoya

## DEFENDANT STATEMENT: Octavio BERNAL-Carrillo

The defendant was read his Miranda rights and was willing to answer questions without an attorney present. The defendant stated that he was a citizen of Mexico, without any immigration documents. The defendant stated he had made arrangements to help a foot guide bring a group of illegal aliens into the United States. The arrangement was for a discount on his smuggling fee. The defendant stated he did this because he did not have enough money to pay the smugglers and he wasn't to learn the route for future crossings. The defendant was going to pay a $1,000 USD smuggling fee, instead of the full fee of $1,500 USD.

## DEFENDANT STATEMENT: Maximo SOTO-Chincoya

The defendant was read his Miranda rights and was willing to answer questions without an attorney present. The defendant stated that he has no legal immigration documents that will allow him to remain in the United States legally. The defendant is a Mexican citizen born in Tijuana, Baja California, Mexico. The defendant does not possess, nor has ever applied for, any immigration documents that would allow him to legally enter or remain in the United States. The defendant freely admitted to being an illegal alien smuggler. According to the defendant he only knows one alien smuggling route and operates primarily out of Alpine, California. The defendant freely admitted that he was aware that illegal aliens smuggling and furthering their illegal entry into the country by transporting them is illegal.

## MATERIAL WITNESSES STATEMENTS:

Material witnesses **Jose SANTOS-Lopez** stated he was a citizen and national of Mexico. The material witness does not have nor has documents allowing him to be or enter the United States legally. The defendant informed SANTOS he was traveling to Alpine, to pick up some illegal's and bring them to Escondido and would like for him to accompany him on this trip. SANTOS agreed because they were good friend. SANTOS freely admitted that he knew that the people they were picking up were undocumented. SANTOS claimed that he was not going to be monetarily compensated in any way for accompanying the defendant, he only did it for a favor to a good friend. SANTOS was presented with a series of Polaroid photograph, and identified his friend, Jose Antonio SANCHEZ-Carrizosa, the driver.

Material witnesses **Jose SANTOS Lopez, Andres PESTANA- De La Sancha and Victor Manuel GUTIERREZ-Gomez** agree in summary that they are citizens and nationals of Mexico illegally present in the United States. They admit to entering the United States illegally. The material witnesses stated that they were to pay $1,500.00 to $2,000.00 (US) to be smuggled to various parts the United States. PESTANA and GUTIERREZ were shown a photographic line up and were able to identify the defendant Octavio BERNAL-Carillo as the principal foot guide of the group and the defendant Maximo SOTO-Chincoya as the second foot guide leading the group.

_____
James Trombley
Senior Patrol Agent

_____
William McCurine Jr.
U.S. Magistrate Judge

2/20/08, 0920hrs
Date/Time